Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000715
26-JAN-2017
08:18 AM

NO. CAAP-14-0000715

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DINO J. D'ANNIBALE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR NO. 12-1-0348)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Dino J. D'Annibale (**D'Annibale**) appeals from the Judgment, Guilty Conviction, and Probation Sentence entered on November 13, 2013 (**Judgment**), in the Circuit Court of the Fifth Circuit (**Circuit Court**),[1] convicting him of Count 1, Place to Keep Pistol or Revolver, in violation of Hawaii Revised Statutes (**HRS**) § 134-25 (2011), and Count 5, Possession of Prohibited Ammunition, in violation of HRS § 134-8(c) and (d) (2011).

D'Annibale agreed to a plea deal whereby he entered pleas of no-contest to counts one and five and the State agreed

---

[1] The Honorable Kathleen N.A. Watanabe presided.

to drop the remaining counts. The court agreed to be bound by the plea agreement, pursuant to Hawai'i Rules of Penal Procedure Rule 11(e)(1). After entering his plea, D'Annibale moved to defer acceptance of the no contest plea (**DANC**) pursuant to HRS § 853-1 (2014). The Circuit Court denied the motion, accepted the plea, and entered the sentence. On appeal, D'Annibale raises a single point of error, which challenges the Circuit Court's denial of the motion for DANC, as well as the court's denial of his motion for reconsideration.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve D'Annibale's point of error as follows:

HRS § 853-1 provides, in relevant part:

> **§853-1 Deferred acceptance of guilty plea or nolo contendere plea; discharge and dismissal, expungement of records.** (a) Upon proper motion as provided by this chapter:
> (1)    When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;
> (2)    It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and
> (3)    The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,
> the court, without accepting the plea of nolo contendere or entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceedings.
> (b) The proceedings may be deferred upon any of the conditions specified by section 706-624. . . .

In addition, the Hawai'i Supreme Court has held:

> Whether a court grants or denies a motion for DAG plea, when seasonably made, is properly within the discretionary province of a trial judge. It is also abundantly clear that when properly exercised, the judge's discretionary action will not be disturbed on appeal unless there has been a plain and manifest abuse of such a discretion. Normally, there is no readily available yardstick or measuring device to determine whether a court

2

has exceeded its authority or acted beyond the bounds of reason or disregarded rules or principles of law to the substantial detriment of a litigant in arriving at a decision. Where, however, as here, the sentencing judge, arbitrarily and capriciously, refuses to entertain at any time a seasonable and proper motion made by a defendant for DAG plea, we hold that such judicial conduct is improper, and prejudicially denies appellant due process of law. By blind adherence to predetermined rigid conduct, the court precluded any enlightened and just resolve of the criminal charge placed against appellant. Discretionary action must be exercised on a case-by-case basis, not by any inflexible blanket policy of denial.

State v. Martin, 56 Haw. 292, 294, 535 P.2d 127, 128 (1975) (internal citations omitted).

In arguing that the statutory factors strongly favored his receipt of a DANC, D'Annnibale challenges the oral "findings" by the Circuit Court that can be described as follows: (1) that there is a disconnect between what happened with the gun and reasons D'Annibale gave as to why he took it with him in the backpack; (2) that D'Annibale took the gun to a park on a holiday, in the presence of a number of young people, in a backpack that he placed on a bench, and then got distracted, in effect allowing someone to grab his backpack containing the loaded gun, albeit that he did so unintentionally, and assuming the persons grabbing the backpack did so surreptitiously; and (3) that D'Annibale lacked an explanation as to why the handgun was loaded with ammunition. We recognize the positive factors cited by D'Annibale, which tended to support the granting of the motion for a DANC, but we cannot conclude that the Circuit Court was wrong or clearly erred in its assessment of the above-referenced facts or acted improperly in its exercise of discretion. It is clear from the record that the court's denial of the DANC motion was based on the "ends of justice and welfare of society" factors

stated in HRS § 853-1(a)(3), based on the potential danger to the public associated with D'Annibale's admitted conduct.

Similarly, it is clear from the record that the Circuit Court gave careful consideration to the additional evidence (Dr. Hall's evaluation of D'Annibale) and further arguments made in conjunction with the motion for reconsideration, but concluded that they did not outweigh D'Annibale's actions with respect to the proper exercise of the court's discretion as to the DANC. This assessment was not arbitrary and capricious, did not exceed the court's authority or the bounds of reason, and therefore, we conclude, it did not constitute an abuse of the Circuit Court's discretion.

For these reasons, the Circuit Court's November 13, 2013 Judgment is affirmed.

DATED: Honolulu, Hawai'i, January 26, 2017.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Tracy J. Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge